### STATE v. SIMMONS.

1. APPEAL from order refusing new trial will not be considered where grounds of the motion are not set out in the record.
2. AN EXCEPTION not pointing out in what respect statement of law as to larceny of live stock was prejudicial to appellant, is too general for consideration.

Before KLUGH, J., Colleton, November, 1904. Affirmed.

Indictment against Sarah Simmons, Richard Washington and Sam Washington. The defendants appeal from sentence.

*Messrs. W. J. Fishburne* and *C. C. Tracy,* for appellants.

*Solicitor Davis,* contra, cites: *Decision of Circuit Court on facts in motion for new trial is final:* 47 S. C., 40; 49 S. C., 249, 293; 51 S. C., 549.

February 15, 1906. The opinion of the Court was delivered by

MR. JUSTICE GARY. The defendants were indicted for larceny of live stock, and were convicted upon their second trial. When they were first put upon trial, one of the jurors died after his Honor, the presiding Judge, had commenced his charge. The defendants' attorneys refused to consent to proceed with the trial, whereupon the Circuit Judge discharged the jury and ordered a mistrial.

The first exception, which raised the question of former jeopardy, has been abandoned.

The second and third exceptions are as follows:

"2. Because his Honor erred in refusing to grant a new trial on the ground that a conspiracy had been shown in the testimony for the State as existing between the witness H. T. Spell and the prosecutor to urge the defendants to commit the crime alleged.

"3. Because his Honor erred in not holding and deciding that such conspiracy, if proven, was good ground for granting a new trial."

The record recites that after the verdict of the jury, motion was made by defendants' counsel for a new trial and for arrest of judgment which was refused, but the grounds of the motion are not set out in the record. The questions presented by these exceptions are, therefore, not properly before this Court for consideration.

The fourth exception is as follows:

"4. Because it is respectfully submitted that there is error in the charge of the presiding Judge in this, viz: 'The legislature found it necessary to impose severe penalties for

larceny of live stock, because it is generally such an easy thing for people to take, carry or drive away live stock and convert it to their own use, and feloniously deprive the owner of the use thereof, then it is made a crime, a theft, to drive a horse out of a stable, or to lead, or drive it away, from the owner, with the purpose and intention of depriving the owner of the use thereof, and feloniously converting the same to his own use, and the legislature has fixed a heavy penalty for the larceny of live stock, so the question for you to determine is whether these parties stole this stock, or not; inasmuch as the same is discursive and irrelevant, and when as in the charge, applied to the case at bar, is in prejudice of the facts and wrongful of the defendants." This exception fails to point out in what respect it was prejudicial to the defendants and is, therefore, too general for consideration.

It is the judgment of this Court, that the appeal be dismissed.